PAMELA S. FERRAND            *     CIVIL ACTION
                                          *
VERSUS                           *     NO. 2016-
                                          *
ACADIA HEALTHCARE COMPANY, INC.,     *     SECTION " "
CROSSROADS REGIONAL HOSPITAL, LLC,    *
and CROSSROADS REGIONAL HOSPITAL, LLC   *     MAG. DIV. (   )
OF LOUISIANA                             *
**************************************************

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Pamela S. Ferrand, who for her Complaint avers as follows:

## I.  PARTIES

1.  Pamela S. Ferrand ("Plaintiff") is a person of the full age of majority and a resident citizen of St. Tammany Parish, State of Louisiana.

2.  Named as Defendants are:

    **A.**     Acadia Healthcare Company, Inc. ("Acadia"), a Tennessee corporation and sole member of Crossroads Regional Hospital, LLC, doing business in the State of Louisiana as "Greenbriar Behavioral Health Hospital";

    **B.**     Crossroads Regional Hospital, LLC ("Crossroads Regional"), a Delaware limited liability company doing business in the State of Louisiana through Acadia Healthcare Company, Inc., as "Greenbriar Behavioral Health Hospital"; and

    **C.**     Crossroads Regional Hospital, LLC of Louisiana ("Crossroads of Louisiana") a

Delaware limited liability company licensed and doing business in the State of Louisiana.

## II. JURISDICTION

3. Jurisdiction is conferred by 28 U.S.C. § 1332 (a)(1), because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and is between citizens of different states.

## III. VENUE:

4. Venue is conferred by 28 U.S.C. § 1391(a)(2), because the Eastern District of Louisiana is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## IV. FACTUAL ALLEGATIONS

5. During August 2015, Plaintiff was in the outpatient therapy program at "Greenbriar Behavioral Health Hospital."

6. Plaintiff suffers from Post-Traumatic Stress Disorder, Depression, Anxiety, Dissociative Identity Disorder, etc., for which she sought outpatient therapy at "Greenbriar Behavioral Health Hospital."

7. At all times relevant, and upon information and belief, Defendants either individually or collectively employed Timothy Smith ("Smith") at "Greenbriar Behavioral Health Hospital" as a Psychological Tech and also as a transportation driver.

8. On multiple occasions, while transporting Plaintiff to and from therapy sessions at "Greenbriar Behavioral Health Hospital," Smith engaged in grossly inappropriate sexual misconduct with Plaintiff, including *inter alia* exposing and rubbing his genitals, making

provocative sexual statements, pressuring Plaintiff to have sex with him, and requesting that Plaintiff accompany him to a hotel to have sex.

9. Plaintiff discontinued her treatment at "Greenbriar Behavioral Health Hospital," and began care at another facility, but Smith nevertheless made continued attempts to contact her.

10. As a result of Smith's sexual abuse, Plaintiff was emotionally traumatized, had increased anxiety, had triggered repressed memories of childhood abuse, and suffered exacerbated symptoms from a prior rape.

11. Upon information and belief, Defendants did not properly screen Smith before hiring him, and/or failed to act when made aware of his inappropriate sexual behavior toward their female mental health patients.

### IV. APPLICABLE LOUISIANA CIVIL CODE ARTICLES

12. La. C.C. art. 2315 A provides *"Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."*

13. La. C.C. art. 2316 provides *"Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."*

14. La. C.C. art. 2317 provides *"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody."*

15. La. C.C. art. 2320 provides *"Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."*

## V. DEFENDANTS' WRONGFUL CONDUCT

16. The acts of fault, want of care, and/or negligence on Defendants' part, which were accomplished through their officers, employees, agents, or those acting on its behalf, were as follows:

   A. Failure to adequately care for patients in their custody;

   B. Failure to adhere to the rules, regulations, guidelines and safety concerns relating to care for patients with mental illness;

   C. Failure to properly screen, train, supervise employees such as Smith who were in charge of caring for patients with mental illness;

   D. Failure to take reasonable steps to protect patients with mental illness in its care from sexual misconduct by its employees such as Smith; and

   E. Any and all other acts of negligence and fault as may be shown at the trial of this matter.

## VI. LIABILITY

17. For reason of the acts of fault, want of care, negligence, and/or misconduct on the part of Defendants, which were the direct and proximate causes of Plaintiff's injuries and damages, Defendants are liable to Plaintiff in money damages reasonable under these premises.

## VII. PLAINTIFF'S GENERAL AND SPECIAL DAMAGES

18. Plaintiff itemizes her general and special damages as follows:

   A. Mental anguish, pain, fear, and fright;

   B. Exacerbation of prior abuse;

   C. Loss of enjoyment of life;

**D.**     Medical expenses; and

**E.**     Any other damages which may be shown at the trial of this matter.

## VIII.  DEMAND FOR JURY TRIAL

19.     Plaintiff demands a trial by jury on all issues of fact and law triable to a jury.

## IX. PRAYER FOR RELIEF

20.     **WHEREFORE**, Plaintiff, Pamela S. Ferrand, prays that Defendants, Acadia Healthcare

Company, Inc., Crossroads Regional Hospital, LLC, and Crossroads Regional Hospital,

LLC of Louisiana, be served with Citation and copies of this Petition for Damages; that

the Defendants serve their Answers thereto; that after all due proceedings had, and the

expiration of all legal delays, there be a trial by jury and a final Judgment entered in

Plaintiff's favor; that the final Judgment hold the Defendants liable to the Plaintiff,

jointly, severally, and *in solido*, in money damages reasonable under these premises; that

there be an award of legal interest on all money damages awarded, from the date of

judicial demand until the same are fully paid; that there be an award of all costs allowed

by law; and that the Court grant such other relief as the interests of justice may require.

> Respectfully submitted,
>
> */s/ Frank E. Lamothe, III*
> FRANK E. LAMOTHE, III, T.A., (#07495)
> RICHARD M. MARTIN, JR. (#08998)
> **LAMOTHE LAW FIRM, L.L.C.**
> 400 Poydras Street, Suite 1760
> New Orleans, LA 70130
> Telephone: (504) 704-1414
> E-Mail: felamothe@lamothefirm.com
>           rmartin@lamothefirm.com
> ***Attorneys for Plaintiff, PAMELA S. FERRAND***